## Cauey Gillespie v. The State.

No. 4981.  Decided March 5, 1919.

1.—Murder—Evidence—Acts and Declarations of Deceased—Res Gestæ.

Upon trial of murder and a conviction of manslaughter, there was no error in admitting the testimony of the wife of deceased to the effect that her husband went into his house, laid down on the floor and died in about five minutes, saying, "I think he has killed me."

2.—Same—Evidence—Rebuttal—Harmless Error.

Where, upon trial of murder, it appeared from the evidence that the difficulty arose about certain articles which defendant had carried to the house of deceased and which were supposed to have been in the possession of deceased, and much of the defendant's testimony and his witnesses were directed to the affirmative side of this issue, there was no harmful error in admitting testimony that the pocket-book taken from the deceased immediately after the homicide did not contain such articles.

3.—Same—Evidence—Handkerchief—Bill of Exceptions.

In the absence of any explanation in the bill of exceptions relating to whom the handkerchief belonged which was picked up near the scene of the difficulty, and in what way it was connected with the case, there was no reversible error.

4.—Argument of Counsel—Practice in District Court.

In the absence of an affirmative objection in open court to the argument of State's counsel, and in view of the fact that such argument was not wholly unauthorized, there was no reversible error. Following Weige v. State, 196 S. W. Rep., 524.

5.—Same—By-Stander's Bill—Affidavit.

The Statute requires the verification of a bystander's bill by three bystanders, and where the affidavit was made by only two the same cannot be considered on appeal. Following Osborne v. State, 56 S. W. Rep., 53.

Appeal from the District Court of Clay. Tried below before the Hon. Wm. N. Bonner, judge.

Appeal from a conviction of manslaughter; penalty, two years imprisonment in the penitentiary.

A substantial statement of the facts of this case will be found in the opinion of the court on a former appeal, in Gillespie v. State, 80 Texas Crim. Rep., 432.

*R. E. Taylor* and *Wantland & Parrish,* for appellant.—On question of admitting testimony as to articles found on deceased, etc., Thompson v. State, 33 Texas Crim. Rep., 472; Parker v. State, 43 id., 526; Graham v. State, 57 id., 104.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was convicted of manslaughter and his punishment assessed at two years confinement in the penitentiary.

The former appeal is reported in 80 Texas Crim. Rep., 432, 190 S. W. Rep., 146, and sufficiently states the facts.

The complaint of the admission of the testimony of the wife, of deceased, showing his movements during the short lapse of time between the receipt of the wound and his death, is not well taken. The effect of it is to show that he went into his house and lay down on the floor and died in about five minutes; that the only statement he made was, "I think he has killed me," or words to that effect.

A witness testified to an examination of the contents of a pocketbook which was taken off the deceased immediately after the difficulty, and his failure to find therein certain rubber goods, and his statement that if they had been there he believed he would have seen them. The appellant's defense was largely predicated upon the fact that the difficulty arose over the articles mentioned which were exhibited to him at the time of the difficulty. The bill states that at the time the evidence mentioned was introduced the appellant's testimony touching these matters had not been developed. Since it appears from the record that much of the testimony of the appellant and his witnesses was directed to the affirmative side of the issue as to whether these articles were in the possession of the deceased at the time mentioned, we think there was no harmful error shown in the bill.

After the difficulty and after various people had come to the home of deceased, passed in and out at the gate, which was about ten or fifteen feet from the place where the buggy in which the difficulty took place was standing at the time, a handkerchief, according to the testimony of one of the witnesses, was picked up near the gate. Various objections were urged to the admission of this testimony. There is an absence of any explanation in the bill relating to whom the handkerchief belonged and in what way it was connected with the transaction or injuriously affected the appellant's case.

One of the bills complains of the argument as follows: "Jesse Murphy's family has been ruined, his wife and children forced into the State of Oklahoma and out of the State of Texas." The bill shows that since the homicide the wife and children have moved

to Oklahoma and reside there. The bill is qualified with the statement that appellant's counsel came to the trial judge and told him that the State's attorney had used the language mentioned, which the judge says he did not hear, but that he would approve the bill upon the statement of counsel for the appellant. We do not regard the argument as one of such inflammatory character as to require a reversal or to justify one. We are not prepared to say that the inference of counsel that the family of deceased was ruined by the death of deceased was an unauthorized one, and it affirmatively appears they had moved out of the State. Granting, however, that it was not a proper argument, it might have been withdrawn if counsel had made his objection to it in open court. See Weige v. State, 81 Texas Crim. Rep., 476, 196 S. W. Rep., 524.

There was an effort to preserve an exception to another argument by bystanders' bill. The affidavit is signed by two persons. The statute requires the verification of such a bill by three bystanders. Unless it is so verified we are not authorized to consider it. Osborne v. State, 56 S. W. Rep., 53.

We think the evidence is sufficient to sustain the verdict of manslaughter.

Finding no error in the record the judgment is affirmed.

*Affirmed.*